NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FACTEON, INC., | |
| Plaintiff, | Civil Action No. 13-6765 |
| v. | **OPINION** |
| COMP CARE PARTNERS, LLC, et al., | |
| Defendants. | |

PISANO, District Judge.

This is a fraud case brought by Plaintiff Facteon, Inc. ("Plaintiff" or "Facteon") originally against Defendants Comp Care Partners, LLC, Samuel Perez, Rene Guzman, Alaine Kamin-Mack, Lina Garcia, Karol Gambino, and Pfizer, Inc. On November 26, 2014, this Court entered an Order and Opinion (the "Opinion") dismissing Facteon's claims for negligent misrepresentation and detrimental reliance against Defendant Pfizer ("Pfizer") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

Presently before the Court is a motion for reconsideration brought by Plaintiff, asking the Court to reconsider the dismissal of its claims for negligent misrepresentation and detrimental reliance. Pfizer opposes the motion. For the reasons set forth below, Plaintiff's motion is denied.

**I.      Standard of Review**

Local Civil Rule 7.1(i) governs motions for reconsideration and requires the moving party to "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i). Motions for reconsideration are considered

---

[1] The Court also dismissed claims for equitable estoppel and breach of implied contract alleged by Facteon against Defendant Pfizer in its Complaint. Facteon does not seek reconsideration of the dismissal of those claims.

"extremely limited procedural vehicles." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992). Indeed, a timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) 'an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" *Carmichael v. Everson*, Civil Action No. 03-4787, 2004 U.S. Dist. LEXIS 11742, at *2–3 (D.N.J. 2004) (quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989)). In other words, "a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Rather, a difference of opinion with the court's decision should be dealt with through the appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1998). Finally, the Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

**II.   Analysis**

In its motion, Facteon does not cite to the grounds on which reconsideration may be granted, or explain the ground on which it seeks relief. Rather, it asserts that its Complaint satisfied pleading standards under Federal Rule of Civil Procedure 8 and that the Court "erroneously misconstrued key facts." *See* Pl.'s Br. at 5. It also asserts that the Court improperly converted Pfizer's Motion to

Dismiss into a summary judgment dismissal.  At best, Facteon's arguments can be construed as being based on a "need to correct a clear error of law or fact."  Facteon has failed, however, to meet this standard.

First, Facteon asserts that its Complaint satisfies the Rule 8 pleading requirements because it provided "ample notice of its claims, the foundation to its allegation and the basis for relief."  *See* Pl.'s Br. at 6.  This does not qualify as a basis on which reconsideration can be granted.  In no way does this qualify as an "overlooked" matter, meaning it was "presented to . . . but not considered by the court in making its decision."  *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, Civil Action No. 12-2132, 2013 U.S. Dist. LEXIS 79557, at *7 (D.N.J. June 6, 2013).  The Court did not dismiss the claims against Pfizer because it misunderstood the claims or felt more information was needed in the Complaint; rather, the Court realized that Facteon sought to hold Pfizer liable for losses based on Facteon's interpretation of one email from January 2010.  The Court, however, specifically held that Facteon's interpretation of the email was unreasonable, implausible, and unsustainable as a matter of law.  *See* Op. at 10, 12 ("There is simply no way to read the email as 'mandating' or otherwise creating a verification process in which Ms. Guzman, a representative of Comp Care, would approve of invoices for Facteon's purchase of Pfizer receivables.").  Plaintiff's argument is merely a disagreement with the Court's holding; such argument, however, is not appropriate for a motion for reconsideration.  *Raritan Baykeeper, Inc. v. NL Indus.*, Civil Action No. 09-cv-4117, 2014 U.S. Dist. LEXIS 294, at *7 (D.N.J. Jan. 2, 2014) (explaining that asking the court to "rethink what [it] already thought through—rightly or wrongly" does not meet the requirements for reconsideration); *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1993) ("A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before.").

Facteon has listed out six factual "errors" that it purports that this Court made in reaching its Opinion.[2] Once again, these factual issues that Plaintiff argues were "misconstrued" by this Court are largely disagreements with or misinterpretations of the Court's Opinion that cannot form the basis for reconsideration because they were not "overlooked" by this Court and cannot alter the result reached by the Court. These factual issues were already presented to, and considered by, the Court as part of its Opinion. *See G-69*, 748 F. Supp. at 275. However, even if the Court had somehow "overlooked" these factual arguments, they would not impact the Court's determination on either the negligent misrepresentation or detrimental reliance claim.

Plaintiff's chief factual argument is that the Court incorrectly concluded that Facteon waited two and a half year after its fleeting interaction with Pfizer to first purchase alleged Pfizer receivables. The Court, however, found multiple grounds for dismissing the claims for negligent misrepresentation and detrimental reliance claims. First, regarding the negligent misrepresentation claim, the Court found that dismissal was proper because Plaintiff failed to plausibly allege two separate elements: a duty of care and justifiable reliance. The Court found that no duty of care attached to Pfizer because it did not have a "pecuniary interest" in the transaction between Facteon and Comp Care. The Court also found that Facteon's interpretation of the January 4, 2010 email was unreasonable as a matter of law, another conclusion that is not impacted by the question of when Facteon first purchased alleged Pfizer receivables. Likewise, the Court found that Facteon failed to establish three elements necessary for a detrimental reliance claim: a clear and definite promise, an expectation by Pfizer that the promise would be relied on, and reasonable reliance by Facteon. The timing of when Facteon began purchasing Pfizer receivables has no bearing on its

---

[2] Facteon also asserts that the Court held it to an overly harsh pleading standard and improperly construed "virtually every core fact in favor of Pfizer." Pl.'s Br. at 10. Not only is this inaccurate, but "[s]uch an argument—challenging the proper legal standard—is appropriately resolved by appeal, not on reconsideration." *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 439 (D.N.J. 2013).

failure to plausibly allege that the January 4, 2010, email constituted a clear and definite promise, that Pfizer could have expected Facteon to interpret and rely on the email as it did, or the reasonableness of Facteon's reliance on its interpretation of the email.

Plaintiff also takes issue with the Court's determination that Facteon failed to allege any facts establishing that Pfizer had any pecuniary interest in the transaction between Comp Care and Facteon.  The timing of Facteon's first purchase does not alter the Court's Opinion, however, for the reasons just discussed.  Furthermore, the issue of an alleged pecuniary interest on Pfizer's behalf was the subject of extensively briefing and discussion by the Court in its Opinion.  It was not "overlooked," nor has new case law emerged that would impact the Court's determination.  Facteon simply disagrees with the Court – but that is a matter that is properly dealt with through the appellate process.  *See Florham Park Chevron*, 680 F. Supp. at 162.

In any event, Facteon argues that it properly alleged a pecuniary interest through its conclusory allegation that Pfizer had a pecuniary interest.  A court, however, need not accept such conclusory statements in ruling on a motion pursuant to Rule 12(b)(6).  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff also reargues its belief that the facts supporting an allegation are included in the Complaint, asserting that the "plain meaning of pecuniary must govern" the Court's analysis.  Pl.'s Br. at 9.  As discussed in the Opinion, Plaintiff alleged no facts to establish that such an "interest" existed on Pfizer's part.  Plaintiff now tries to justify this by arguing that the details of Facteon's purchases were communicated to Rene Guzman; however, Guzman was not a Pfizer employee, and any mistaken belief to the contrary was not caused by Pfizer, as Pfizer never told Facteon that Guzman was its employee.  Regardless, Guzman's approval of invoices has nothing to do with whether Pfizer had a pecuniary interest in the ongoing relationship between Comp Care and Facteon.

Facteon has made additional passing (in two sentences or less) factual objections to the Opinion. For example, it protests the Court's conclusion that Facteon never showed any Pfizer representative the verification form it used to approve invoices. Plaintiff, however, concedes in its brief that it never did actually show the verification form to a Pfizer representative, but "believed" it was directing the form to Pfizer. *See* Pl.'s Br. at 8. Likewise, Plaintiff objects to the Court's statement that Facteon departed from its normal verification process when purchasing alleged Pfizer invoices from Comp Care. In the Complaint, however, Plaintiff states that it would confirm with Comp Care's underlying customer that "each invoice reflected services rendered"—a process that it did not employ here. *See* Comp. ¶¶ 5, 42–46. Further, Facteon finds fault with the Court's statement that it "did not plead that it made any effort to contact Pfizer" between the January 4, 2010 email and its earliest suspicions of Comp Care's alleged fraud in 2013. *See* Pl.'s Br. at 7 (citing Op. at 5). This is, however, true; Facteon did not, in fact, allege any attempt to communicate with Pfizer over that period of time. Accordingly, the vast majority of these alleged factual errors are not errors at all. Clearly, however, these objections by Facteon to the Court's Opinion were addressed by the parties and considered by the Court. Such objections, therefore, are not appropriate on a motion for reconsideration.

Finally, Facteon advances an apparent legal error made by Court to support its motion for reconsideration. It asserts that the Court inappropriately converted Pfizer's Motion to Dismiss into a motion for summary judgment without proper notice to Facteon when it "concluded that the absence of certain information (such as the length delay in funding Comp Care) served to bar this claim. Such a decision is for all intents and purposes a summary judgment disposition." Pl.'s Br. at 11. As a threshold matter, Facteon has supplied no law to support this general proposition that the absence of certain allegations from a complaint transforms a motion into one for summary judgment. Even assuming that Facteon is correct, Facteon's argument is misplaced. The Court did

not dismiss the claims for negligent misrepresentation or detrimental reliance on the basis of an "absence" of information. Instead, the Opinion lists out a series of multiple, independent reasons explaining why the allegations in the Complaint did not support plausible claims for either negligent misrepresentation or detrimental reliance. The major reason why these claims were dismissed, however, goes unchallenged by Facteon in its motion for reconsideration – that Facteon's interpretation of Pfizer's email as "mandating" a "verification process" is unreasonable and legally insufficient. Accordingly, even if Facteon had supplied some legal support for its contention that the Court inappropriately converted the Motion to Dismiss into a summary judgment motion, the argument still fails because it would not alter the result reached. *See G-69*, 748 F. Supp. at 275.

      The Court acknowledges that it interpreted the Complaint to mean that Facteon did not make its first purchase of alleged Pfizer receivables until November 2012. The Court drew this interpretation from Plaintiff's allegations that it "purchased $6,731,000 in Pfizer Receivables *during the past year*." Compl. ¶ 49 (emphasis added). Pfizer likewise interpreted the Complaint this way, and so argued in its Motion to Dismiss. The Court notes that Plaintiff never clarified this issue in its opposition to Plaintiff's Motion, but instead seemed purposely oblique about the timing of its first acquisition of the alleged invoices. *See* Pl.'s Opp. Br. at 4, 12, 17. While the Court did use the apparently long length of time between the email and the purchase of the alleged invoices to buttress its conclusions, this in no way impacted the ultimate conclusion that the Court reached. Even now, if the Court were to consider that Plaintiff began purchasing the alleged invoices more immediately after it received the January 2010 email, it still does not find that a duty of care existed. The Court would have to find that Pfizer's duty of care extended more than two years into the future based on a single email, and would require Pfizer to foresee that Comp Care and Perez would launch a fraud more than two years after Pfizer's brief interaction with Facteon. Such a finding is unreasonable.

7

Overall, the majority of Plaintiff's objections to the Court's decision are all issues that were already considered by the Court in its Opinion. Asking the Court to rethink what it already thought through based on a disagreement with the Court's outcome is not the proper basis for a motion for reconsideration. *See, e.g.*, *Raritan Baykeeper*, 2014 U.S. Dist. LEXIS 294, at *7; *G-69*, 748 F. Supp. at 275. The crux of Plaintiff's argument emphasizes the Court's apparent misunderstanding of when Facteon started purchasing alleged Pfizer receivables. The Court recognizes that the additional evidence now before the Court does correct certain inferences made in its Opinion as to when Facteon began buying alleged Pfizer receivables. However, even taking into account this clarification, the Court still must conclude that Facteon's claims would fail as a matter of law because the sole Pfizer email on which Facteon's entire case against Pfizer rests cannot reasonably be interpreted as mandating or otherwise establishing any verification process on which Facteon could reasonably rely. This conclusion is not likewise not affected by Plaintiff's other objections to the Court's Opinion. Accordingly, because Plaintiff's grounds for its motion for reconsideration fail to bring up matters that were overlooked by the Court and which might reasonably have resulted in a different conclusion, Plaintiff's motion must be denied. *See Bowers*, 130 F. Supp. 2d at 613.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: February 9, 2015